Do you want to tell us who you are when you step up, please? Good morning. I am pleased to report my name is Robert Tepper. I am the attorney for the plaintiff, Appellant Antares, in this case. Good morning, Mr. Tepper. Good morning. You have 15 minutes to address the court, and you can portion that out any way you please for a rebuttal. Do you want to save out some time for a rebuttal? Yes, about five minutes, if I may. That would be fine. You may proceed. Thank you. I think you can safely assume that we are familiar with your briefs. As the court is aware, Fordham owed money to Antares. Fordham was involved in a lawsuit against Fireman's. And Fordham and Antares made a deal that whatever was recovered by Fordham from Fireman's would be paid over to Antares up to a particular amount. How did this deal take place? What was the nature of the deal? Was it in writing? Yes. Okay. What was it? And it's called a payment agreement. Okay, a payment agreement. And it's attached to the briefs. Okay. And we'll speak in a few minutes about some of its terms. But the basic deal was that whatever Fordham recovered on a particular part of the claim would go for the benefit of Antares. So here we have a situation in which Fordham is controlling the claim. Fordham is the plaintiff. Fordham is the party in court. But it's for the benefit of Antares. Well, were they the only people involved? No, but one portion of the claim. A portion of whose claim? Of Fordham's claim. Fordham's claim. The part that related to the ornamental ironworks was, in effect, given to or pledged over to Antares. But there were other claimants involved. There were other claimants. There were other aspects of Fordham's claim. There's only one claimant. Fordham is the only one who has a claim. This was in the federal action? Yes. That claim had many different parts. It also had many different claimants, too. Yes. 25 or so. When you say claimants, no. Just one claimant, Fordham, but on behalf of subcontractors. No. That is not correct. Okay. There is no indication in this record that anyone other than Antares had made a deal to have Fordham front for it in collecting from firearms. Oh, yes, but weren't there a number of subcontractors that Fordham owed money to? The record does not show whether Fordham owed money to them or not. The claim was divided because this is a construction case. So the claim involved you owe me money for this problem, you owe me money for this problem. The relationship between Fordham and its subs, we don't know. All right, let me ask you about the trial judge's finding that the agreement that you entered into your client was only a deferral and that there was an absolute obligation to pay the $103,000. Now, subsequently after that ruling, you amended the complaint, did you not? To add an additional alternative account. I did not undo the original. No, that's right. You kept that. Yes. Then you received a judgment against Fordham. And the judgment was for default or failure to have appeared. Yes. Fordham's lawyer, who happened to be the other defendant, withdrew and no lawyer appeared. All right, but you have a judgment. And that's not being appealed, is it? That's correct. You have a judgment against Fordham. It was a default judgment against Fordham. Whatever, you have a judgment for the full amount of the damages, do you not? That's correct. Now, with that in mind, how can you seek additional monies from the lawyers because you've received your damages? I want to answer that. It is not additional money. There is nothing in this record reflecting that that judgment has any value, that anything has been collected on it. That doesn't make any difference. You have the judgment. How can you contend that you have been harmed by the lawyer's prosecution of the settlement when you've received a judgment against Fordham? The judgment has no value, and the lawyers have not come into court and moved to dismiss by saying, just a minute, you've gotten paid because you got money or you could get money. We have a judgment, and we can't collect it. Well, that's not really – you don't have a case that says when you have an uncollectible judgment, then you can turn around and decide you don't want that judgment, and you didn't appeal the judgment. Right now, you didn't appeal that judgment. It is, would you say, not law of the case that you have a judgment for a sum of money? We have a default judgment. Based on a breach of a contract. That's correct. That's correct. We have a default judgment. And I do not dispute that there can only be one recovery. And what is it based on? Is the judgment based on a breach of a contract? The judgment was based upon a default on a complaint that had two alternative counts, both of which related to breach of contract, yes. You say in the brief that you proceeded against Fordham on a breach of contract. That's correct. That's correct. All right, so the judgment is on a breach of contract. That's correct. That's correct. All right, then how can you, in that instance, offer this alternative theory of breach of fiduciary duty against the lawyers? Let me give you a simple example. Well, you can certainly plate it as an alternative. Yes. But you've already now gotten a judgment on your underlying complaint. Yes. Once you get a judgment, can you persist in your alternative theory? It is not an alternative theory against the defendant against whom we have a judgment. It is a theory against the other party against whom we continued the litigation. But you can't have a breach of fiduciary duty against this other client when the basis of your judgment against Fordham is breach of contract. The cases say that when you have a breach of contract, and that's basically the damage that you're seeking, then if you file a breach of fiduciary duty, you can't have both. You can only have one. Respectfully, I want to explain that if I may. All right, certainly. First of all, if I go to someone and say, here's a million dollars, and he says, I promise I will buy Treasury bills. Don't worry, it's safe. And he goes and buys lottery tickets, and I sue him. I can sue him because he's a trustee, he's holding my money. I can sue him for breach of fiduciary duty. Or I can sue him because he promised to buy Treasury bills. I can sue him for breach of that promise. I think the cases they cite indicate that if I have both claims, as against the guy who took my money, we start with the contract claim because he promised to buy Treasury bills. That does not mean, however, that his actions are not also a breach of fiduciary duty. And if somebody else aided and abetted him in stealing my money, under the Thornwood case and under long-standing cases. Thornwood involved partners. Yes. And lawyers representing the partners in a settlement agreement. And that case was reversing a dismissal of a cause of action. That's what the case represents. And I agree that reversal of a dismissal of a cause of action does not require. Now, where is your fiduciary relationship? If you're seeking a breach of fiduciary relationship against the attorneys, don't you have to establish a fiduciary relationship between Antares and Fordham? No. No? I have to establish a. . . Well, the attorneys. . . Oh, I'm sorry. Yes. I misunderstood the question. Yes. Yes, we do. And we have cited cases from several other jurisdictions, indicating that when one party controls the economics for another party, there is a fiduciary duty. Okay.  I admit that. And it would be open to. . . You have a recovery. You have a judgment against Fordham. Not a recovery, a judgment. You have a judgment, which you have not appealed. I got the judgment. I was a plaintiff. I couldn't appeal. I wouldn't want to appeal. Did you attempt to execute on the judgment? That is outside of this record. I can give you an answer, but it's outside of this record. It's outside the record. All that I can tell you is, if it being a judgment, you could certainly execute on it, right? If there's anything there, it's a judgment against an entity, and if there's anything there, we could. And if this court reverses the decision below, and if we happen to collect anything, and I'm not saying that's happened and I'm not saying that's possible, I'm quite certain that the lawyers will be coming into court saying, just a minute, there's been a collection, there can only be one recovery. And I'm not disputing that, and I'd be overjoyed if we collected anything. Let me ask you a question. Yes. I don't think the law works that way. Maybe I'm confused. I sometimes become confused like everybody else. But if you get a judgment against a law firm and collect, and all of a sudden Fordham has money, what prevents you from collecting twice? Fordham, the law firm is segregated under those circumstances to our claim against Fordham. You still haven't answered my question. Forget about their actions or inactions. What's going to prevent it under the law for you to collect twice? Fordham will come in and say that's all of it. You don't know what somebody else will do. See, that's why I believe the law says that once you have the judgment, you know, you can't go twice. If there were, let's say, a typical joint and several liabilities. But this is not that. But let's assume for a minute that we have a note and a guarantor of the note, and they're both sued. And let's assume that the maker of the note defaults, but that the claim against the guarantor is dismissed. I don't believe that there is any authority that would say that there could not be an appeal of that dismissal, that one loses the right to chase the guarantor simply because the other party who is liable for the underlying debt. But here you don't have a guarantor. What you have is a theory. You have a theory that there was a fiduciary relationship. That's correct. That's correct. And that theory is based on the law. And runs to the law firm. Yes. And lawyers are not, as a general rule, obligated to their clients' debts. I agree. You keep calling this a debt. I agree. It is a debt. It was determined by the court to be a debt. And you're seeking to impose on lawyers the debt that you have been, the judgment, the default that you received on a debt claim. I agree that lawyers are not generally responsible for their clients' debts. And I agree that lawyers have to be free to advise their client. I'm a lawyer myself. Of course I agree with that. However, in this case, what you're saying is that there was an additional factor. There is a line. I know that if a client comes to me and says, I want to rob a bank, I can't give them advice on how to rob the bank because that crosses a line. If a client comes to me and says, I'm a trustee and I want to take some of the money for myself, I know I can't give him advice on that because that crosses the line. If a client comes to me and says, I have a contract, I can give him advice on how to breach the contract. So the question we have here is, is this a fiduciary duty or is it only a contract? And that question, to answer that question, you have to know what is a fiduciary duty? What does it mean? And the answer to that, we would suggest, is contained in the restatement, which says that any time someone acts on behalf of someone else, there is a fiduciary duty, is contained in the Supreme Court cases we cite, saying without bound, without limit, and all of those flowery phrases, and is contained in the out-of-state cases that we cite actually applying it. And as to those cases, the other side did not come back with a single case where one party controlled the economics of the other party in which the court said, no, that's not a fiduciary relationship. And the cases you cited from out-of-state do not involve attorneys. There isn't a single case, as you cited, where attorneys took on a fiduciary duty regarding a settlement. It's not the attorney's fiduciary duty. Yes, but everything stems from the client. Now, you've already received the judgment on a breach of contract. But this settlement agreement required them to diligently prosecute, for them to diligently prosecute. That was a term of the contract itself. Yes. Now, beyond that, what is the other fiduciary relationship that they had? They had to diligently prosecute. So what is it beyond the contract itself that you're saying was the fiduciary duty? Fordham controlled everything that was done in the litigation. If I send somebody out to buy stock for me, and he buys this one, he buys that one, if I am controlling, I'm sorry, if he is controlling my economics, if I give a broker unlimited discretion, he owes me a fiduciary duty. If I go to a broker and say buy 100 shares of IBM, he does not owe me a fiduciary duty. Why did the contract have the provision in it that said neither was becoming the agent in any way for the other? They were independent contractors. And both of these parties were represented by attorneys at the time of the execution and creation of this agreement. I didn't write the contract. But I can tell you that not only do some of our cases say that that is not a bar to there being a fiduciary duty, but there's a recent Fourth District case, and I'll get the name for it in a minute, or I'll tell you when I stand up for reply.  Is it in your brief? No, it's in the last two months or so. Did you file a motion to supplement? No. Only you can't cite it to us right now. Okay. But you can file a motion to supplement. Okay. You can do it within the next 48 hours. Okay. I will do so later today. But also one of the cases we cited had that same language, I believe the case with the pigs from Iowa, where they said that this is not an agency or a joint venture or anything, and the court said we don't care what the language says. And this is an area where one should not be able to negate a duty simply by clever grafting. If the economics create a duty, one shouldn't be able to get out of it by saying there is no such duty. But you in no way challenged the trial judge's interpretation of this case at that trial. There was no trial. No. But I mean in terms of you took the default judgment. We took a default judgment. We are challenging it in this appeal, and this was the only place we could have appealed it. Why couldn't you have appealed that ASPR 304A finding on the court's determination that this was an absolute payment required? Once they defaulted, there was no point in arguing. There was no case left anymore. It would have been an idle exercise. You're convinced that your fiduciary duty argument survives, particularly as against the lawyer, against the law firm? Yes, because we didn't have to plead it to begin with, back to the example I gave you of the treasury bills. Okay. I understand your position. If the court has any further questions, I think my time is about up. Thank you. Thank you. Thank you, Mr. Tepper. Counsel? You are? Thank you. Sean Wood on behalf of defendants Roger Price and Saifar Shaw. Mr. Tepper acknowledged several times that the underlying case was an action on a debt. There never was any claim for breach of fiduciary duty at any point alleged by him. The original complaint had an action for an accounting and breach of contract, breach of the payment agreement, and then the accounting claim was abandoned eventually. Nowhere in the complaint against Price and Saifar was breach of fiduciary duty where those words even played any time. The underlying case is a straightforward action on a debt. On one hand, their allocation they received was $10,000. The court is correct that the federal litigation we're talking about had over 25 people vying for a pot of money. The recovery was $1.5 million after extensive litigation, after several days of mediation. Where they went through and there was even an expert that allocated all the different percentages and what they found support for and what they didn't in terms of the claims. There was an allocation of those amounts. Fireman's Fund felt that the most the interiors could support with respect to these extra charges because remember they already got paid about a million bucks. That the additional amounts they were claiming were not supported. Mr. Wood, that fact that there's a dispute over the amount isn't really at the issue. No, at this point I agree with the court that Mr. Tepper filed his amended verified pleading when the court adopted this construction. And one point that didn't come up a moment ago is we had filed the other issues that I was talking about a moment ago on summary judgment to say there's no support for these claims in terms of any evidence. In the briefing, Mr. Tepper cited the testimony of Mr. Martin of Antares for the idea that this was a risk-free deferral of the entire payment. The court picked up on that and read the contract to say and invited us in on the 9th of November of 2009 and said, I read this contract as saying this is a deferred payment, an unconditional payment. They may have had to wait to get paid the full $103,000, but Antares has the right to get the full $103,000 from Fordham no matter what. And nobody appealed that. Not only that, the comment that Mr. Tepper said he had no opportunity to contest that, when we stood there at that hearing and I said, well, Your Honor, number one, that's not even what the plaintiff pled in this case. Not only did Mr. Tepper stand mute and didn't agree with me to clarify to the court that issue, but he proceeded to get leave to amend his verified pleading to specifically plead that it was an unconditional payment. And while somebody might be able to plead alternative theories, this was a pleading of Mr. Martin should certainly know what that contract was. Does the amended verified pleading allege the same facts that were alleged originally against Fordham? The only amendment that occurred was against Fordham. He did not include the count that sounded inequity, the accounting claim that was abandoned during the course of the case. So all that was left was the contract claims, and he pled it both ways. He pled both fairly diligently prosecute and the unconditional payment. But remember, that was after the court already said as a matter of law, Judge Duncan Bryce read the contract as an unconditional payment. They seized upon that. They amended their verified complaint. That was the first time there was a divergence of positions then between lawyer and client, because the other thing I said when the court indicated that on the 9th of November is I said, if that's the court's construction, the claim against the attorneys is gone. Well, your suggestion that they've never fled a breach of fiduciary duty or aiding and abetting, was that one of your grounds for the judgment on the pleadings or your summary judgment motion, or are you simply arguing that now? I know the trial judge did not dismiss this because it didn't state a cause of action for aiding and abetting a breach of fiduciary duty. At the pleading stage at the beginning of the case, we filed a motion to dismiss on the basis that there was no underlying claim for breach of fiduciary duty, nor had, in fact- That wasn't granted. That was not granted. That was denied. Then at the end of the case, once they adopted this position, we filed summary judgment. The court came out on the 9th and said, hold the phone on anything else you're arguing. I read this contract as an unconditional payment. Then he amended and filed the amended verified complaint, alleging strictly breach of contract and adopting this unconditional payment theory, and that's what he pled factually actually happened. Then he proceeded to get his judgment against Fordham on the unconditional payment construction that the court had adopted and told us that, and now armed with that judgment, now he's standing before the appellate court saying that Judge Duncan Brice's construction was wrong, the same construction that he placed in a verified amended pleading. You can't do that. Well, that's what you say in your brief, and we're certainly familiar with the arguments you've made. The other point we did emphasize throughout the underlying case is that this really was a payment on a debt. Any of the cases that he's trying to cite in terms of fiduciary duty, like the General and Block case, anything else, General and Block is entirely distinguishable because that case involved the law firm representing a partnership, different business partners, and gave advice to one as to how to not share information to induce a sale. So they had a fiduciary duty, the law firm had this fiduciary duty to the partnership and advised one partner over the other, and that was the nature of those claims. Even the out-of-state cases that Mr. Tepper cites all involve some situation where somebody is taking over somebody else's business in some way. In this case, this was a claim where a whole bunch of people could have recovered money. In this case, though, one party was basically directing the settlement negotiations. Isn't that true? Yes. So I can't be argued that there was a position of strength or dominance in that the Fordham was basically in charge of that through their attorneys to negotiate and prosecute that settlement? If you wanted to plead that and test that, if you look at the Yates v. John Marshall Law School case, in that case there was a claim in terms of trying to claim there was breach of fiduciary duty, and that claim was dismissed. And the court said there's no abetting claim if there's no underlying breach of fiduciary duty claim that's been dismissed. Here, he never even pled breach of fiduciary duty against them. So it couldn't have been dismissed because he never even argued it. But I want to go back to this point. This case wasn't dismissed for failure to state a cause of action for breach of fiduciary duty. I know you're arguing that now. Was your summary judgment that there was no breach of fiduciary duty? Absolutely. I think we argued every step of the way. It's not a matter of a plea. Right. What we argued is now he's adopted this position. If it's a guaranteed payment, then he doesn't recover because nothing the lawyers could or couldn't have done changes the trial court's construction that was adopted and that he adopted this verified pleading. The other thing we argued secondarily is what we've been arguing in our first round of summary judgment briefing. Fordham argued it and the law firm argued it, which was we took the depositions. We deposed the folks at Henshaw that represented Fireman's Fund. Everybody was opposed in the case that Mr. Tepper brought. All of them explained, look, this was a tough case. They had absolute surety defenses that Fireman's Fund could have succeeded in summary judgment and knocked out all of the claims entirely. Never once do they address any of that. So we explained that, look, what did they do or didn't do? Henshaw admitted that the lawyers did everything they could to prosecute these claims. In fact, they all sent all of the critiques by the experts as to what was supportable and not supportable among those 25 claimants' claims. They concluded that the only thing that Anterios was entitled to more was $4,000. They eventually hung in there to more than double that. And the allocation, a lot of contractors ended up with zero allocation. A lot went wrong with Corrigan. A lot went wrong on the project. That's why the surety issues came into play. And a lot of people didn't get anything. It's in the record that Fordham received a zero allocation of those funds, did not keep those funds. So the implication kind of running throughout the brief that some sort of self-dealing or something, that's not true at all. Any more dollars that Anterios is trying to claim a right to would have to come away from somebody else. And they didn't contract for that right. That's why this distinction between contract and breach of fiduciary duty I think is very important. You can't not negotiate for that. If Mr. Martin of Anterios wanted to say, I have a right to hold up the settlement, I have the right to completely say I get paid before anybody else, and this is my right under that allocation of the funds in the federal case, if that had been his position, he could have negotiated that. He didn't do that. Well, I guess you could say, is there really any question of fact left? Did they negotiate? Did they prosecute diligently? Those are the requirements they had under the contract itself. Correct. That would be aiding and abetting breach of contract, which is not a valid claim. And we argued that as well every step of the way, that aiding and abetting breach of contract under the Donnelly case is not a valid claim. There they analyzed the claims and said, look, these don't sound in tort. They sound in contract. If they sound in contract, you can't claim aiding and abetting breach of contract. That's not a valid cause of action in Illinois. We did argue that in every one of our briefs. Judge Duncan Brice, after talking about the rest of the issues, said at the end, phrased it slightly differently and just said, a lawyer is not a guarantor of the client's debt. And you heard the only example, or one of the only examples Mr. Tepper gave a moment ago, he gave a guarantor example. Well, that falls squarely within the law and what Judge Duncan Brice said, which is a lawyer is not a guarantor of a client's debt. So for all these reasons, we respectfully request that the Court affirm the decision of the trial court. Thank you. First of all, I apologize to the Court for standing up during counsel's argument. I have developed a habit of objecting to things that are objectionable. You can address the issue now if you like. Yes, I was referring to something outside of the record, and there's no basis for what he said where he said Mr. Tepper stood moot. There's no basis for that altogether, and I don't want to argue. We're doing a de novo review here, so none of this really makes an enormous difference. I want to clarify what the Thornwood case was actually about. There were two partners. As partners, they owed a fiduciary duty to each other. One of them was trying to take advantage of the other, hide some information, and walk away with more than he was entitled to. Now, how is that analogous to our case or this case? In this case. What's your analogy? The parties, Fireman Fund and Fordham, agreed on the total price. Didn't say anything about the allocation. They agreed upon the total price, and this is page 6 of our opening brief. At that point, the lawyer for Fordham said, okay, let's make it only $10,000 allocated to the ornamental iron issues, and let's allocate the other money to the other construction issues. Just remove the word only. Just remove the word only from your argument. Let's allocate $10,000. Yes. Yes. And we contend. That that was a breach of their fiduciary duty. Exactly. And there's been no fact hearing on that. The circuit court made no findings on that. We never reached that issue. Because they found, basically, that Fordham was liable on the original agreement. The circuit court ignored the whole issue of allocation. The argument that counsel made, that the allocation was an on-the-level square allocation, nobody had his thumb on the scale, it wasn't shifted one way or the other, that argument is a fact question. It may be in a different cause of action, but you already have a judgment for the full amount. We do. And we discussed that earlier, whether a judgment which is not shown to have been collected is a bar to proceeding against another party who is liable for the same underlying damages. No case has been cited in the brief saying that it is a bar. Well, now, wait a while. There is a bar. If you were suing the law firm on the contract, you'd have a problem, wouldn't you? If we were suing both the law firm and its client on the contract. Let's forget about Fordham. Let's just concentrate on the defendant, the only defendant that's left as far as you're concerned. Yes. And I'm sorry, what is the question? If you were suing them just on the basis of that underlying contract, you would have to show what? They're not a party to the contract and we would have no claim. I concede that. Okay. And that's why we are talking about fiduciary duty, not inducement to breach a contract. In Thornwood, one partner owed a fiduciary duty. The theory is basically you can recover against the principal, Fordham, on a breach of the contract. Yes. And against the law firm that advised them on a breach of fiduciary duty. Aiding and abetting a breach of fiduciary duty. It wasn't the law firm's duty. It was the client's duty. Right, but you have chosen and accepted the breach of contract judgment. Do you believe that you could then seek another judgment for breach of fiduciary duty against Fordham? It's not unusual that the same facts give rise to different claims. The cases say that you cannot have both. That if you have a breach of contract, you can't have a breach of fiduciary duty. That the contract action judgment prevails over the fiduciary breach. Respectfully, I'm not aware of any case in which there were different parties and in which a contract judgment precluded someone, the plaintiff, from arguing that there was also a breach of fiduciary duty. Well, you can argue it. Hmm? You can argue it, but once you've reduced it to a judgment. Forget about collection on the judgment. You've reduced it to a judgment. You have a judgment against Fordham. We do. Based on the contract. We do. But there are lots of situations in the law where there are multiple parties, multiple defendants, and the judgment against one does not stop a case from proceeding against others who might be liable for the same damages. But you took a position before the trial court that you had a breach of contract. You sought the judgment on that judgment against Fordham. But now you're saying you really don't want that. First of all, both counts for breach of contract. It's a question of what the contract is. And the interpretation or construction of the contract is a legal question, not a fact question. So it's not as if we're saying on the one hand the light was red and on the other hand the light was green. We cited a large number of cases in the trial court in response to their summary judgment motion. And you'll see them when you go back and look at the record, to the effect that taking a legal position does not create the estoppel. Only a factual position creates the estoppel. And I'm not going to re-argue those cases. They're in the record. What I want to be clear about, if I may for a moment, is in the Thornwood case one partner was taking advantage of another and the lawyer or the partner who was taking advantage of the other aided and abetted them. Well, that case I wrote, and, again, I want to point out that the case stands for whether or not the complaint stated a cause of action for aiding and abetting a breach of fiduciary duty. It did not determine that the lawyers breached a fiduciary duty. I agree. It simply said that if there's any set of facts that can be established. So it was really about whether or not a cause of action had been pled. That was it. If we postulate for a minute. Not whether there was a breach, not whether they had aided. And I'm just saying, and the complaint that we have before us does not allege facts involving a fiduciary duty. It alleges a breach of duties that were already set out in the contract. The complaint against the lawyers alleges that they aided and abetted a breach of fiduciary duty. Of course, but those are conclusions. I don't know about the facts that you need to sustain that. And if the trial court had said we were short on facts, we would have asked for leave to amend and we would have dealt with it, and that's not an issue at the moment. Yes, and I agree with you. If we postulate for a second that there was a fiduciary duty created by this relationship, then we have a situation in which we have asserted that a lawyer aided and abetted his client in breaching that fiduciary duty, and the trial court has said, in giving what amounts to a judgment on the pleadings, that we don't state a claim. And it is only for that limited purpose that we are relying upon Thornwood because we are saying, just as in Thornwood, a claim was stated. Nobody has condemned the lawyers. Nobody has said they're no good people or anything else, but a claim was stated. We believe we have stated a similar claim here, again, if we postulate the fiduciary duty. And then the reason for the fiduciary duty we discussed before, when one party is controlling the economics of another, the party who is in control cannot run roughshod. The law says, just a minute, you're controlling the economic consequences of someone else, whether it be a beneficiary of a trust, a partner, or in this case the other party. And the law steps in and says, you cannot run roughshod. You cannot do whatever you want. You have a duty to be fair and reasonable, and if you benefit yourself and thereby take advantage of the other side, the law will come in and slap your hand and say you can't do it. And that's exactly what happened here. We have alleged. There's been no trial. There's been no hearing. The trial court dismissed this case on a basis that really has nothing to do with the issues we've been talking about today. So we have stated a claim. We are entitled to proceed with that. And unless there are no further questions, I thank you all. Counselors, thank you both. The case will be taken under advisement.